### *In re* Woods, Bankrupt.

*District Court, S. D. New York.* May 24, 1881.)

1. Bankruptcy—Proof of Secured Debt—Possession of Notes After Taking Chattel Mortgages—Purchase by Mortgage Creditor on Execution Sale—Amount to be Credited to Bankrupt—Merger.

A creditor proved his debt for money lent, secured by two chattel mortgages for $7,000 and $9,000, respectively, and on promissory notes for the further sum of $5,000. *Held,* on the evidence, that the register, in expunging the proof of debt, erred in finding that the second chattel mortgage was intended to secure the same debt which was secured by the notes. The continued possession of the notes was *prima facie* evidence of the debt, and this continued possession was not explained by the bankrupt nor overcome by other testimony.

A creditor having taken chattel mortgages to secure his debt from the bankrupt on property, the bankrupt's equity in which was afterwards sold on execution against him and purchased by the creditor, who appropriated it to his own use, is chargeable as a credit upon the debt with no larger sum than the actual value of the property, if that is less than the amount of the mortgages. In such a case the mortgagee, by appropriating the mortgaged property to his own use and neglecting to render an account of its use or of its proceeds to the mortgagor, is not to be deemed to have taken the property in satisfaction of the debt, where the debt exceeds the value of the property.

The amount of the proceeds of a subsequent sale of the property by the creditor is no test of such actual value, and, should not be credited as such to the bankrupt, in the absence of an agreement between the parties that the creditor was to sell the property and apply the proceeds towards the satisfaction of the debt.

Where a mortgage creditor purchases an equity under such circumstances, there should, it seems, be no absolute merger of the creditor's interest. It seems that it is inequitable that he should obtain any greater advantage over the bankrupt by his purchase than would accrue to any other bidder at the sale to whom it might have been struck down, and who would have to take the property subject to the mortgage liens.

In Bankruptcy.

*A. C. Aubrey,* for assignee.

*W. W. Ellis,* for claimant.

CHOATE, D. J. This is a review of the order of the register expunging the proof of debt of one Lynch. The proof is for money lent, secured by two chattel mortgages for $7,000 and $9,000, respectively, on certain stable property, which, it is alleged, was sold for $5,000, which amount is in the proof credited against or deducted from the said amounts. The proof, also, is upon promissory notes given for money lent for the further sum of $5,000. The register finds that the amount of the two chattel mortgages was due from the bankrupt to Lynch; but he also finds that Lynch became the purchaser of the property covered by the mortgages at an execution sale against the mortgagor; that Lynch took possession of the property, and used it, and afterwards sold it, and never rendered any account either of its use or of its sale to the bankrupt. Hence, he concludes that the property was taken in satisfaction of the mortgages, and he directs the proof of claim to be expunged. He finds nothing specifically about the notes; but it may be inferred, from the expunging of the proof of debt, that he found that the second chattel mortgage was given to secure the same debt which the notes were given to secure.

I am unable to concur in the conclusion of the register as to the notes. It is true that the bankrupt testified that the second mortgage for $9,000 covered all his indebtedness to Lynch at that time. But this is denied by Lynch, and not

corroborated by any other circumstance, and the continued possession of the notes by Lynch after the giving of the mortgage is not explained. The possession of the notes is *prima facie* evidence of the debt, and it is not overcome by this conflicting testimony. Moreover, the memory of the bankrupt appears to confused, and his testimony less credible than that of Lynch.

In respect to the point on which the register expunged the proof of the debt secured by the chattel mortgages, I think the bankrupt is not entitled to credit on the debt for more than the value of the property, if that value was less than the amount of the mortgages. It seems to me unreasonable to hold that because the mortgagee has appropriated to his own use the property mortgaged, the equity in which he has purchased, he should be charged with any greater sum than its value. This is all he would be liable for in case of a tortious conversion. What he sold it for is indeed no test of value, and unless there was an agreement between the parties that he should sell it and apply the proceeds towards satisfaction of the debt, there is no propriety in stating the credit at $5,000, the amount of the proceeds. It does not appear that the property was worth $16,000, the amount of the two mortgages. If there were a merger of Lynch's interest as mortgagee in his title purchased under the sheriff's sale, as is argued by the assignee, I do not perceive that it would follow that the debt has been satisfied in whole or in part. It would seem that the merger, if absolute, would only extinguish the security, leaving the debt still wholly unpaid, and making Lynch the absolute owner of the property. But in such a case as this justice, perhaps, requires that there should be no absolute merger. What the mortgagee bought was the equity of redemption, or Wood's title, subject to the the mortgages; at least, this is what anybody else would have bought, and it may be presumed that this is what was sold by the sheriff, and that the price given was based upon the property being sold subject to the mortgages. This being so, it is equitable that Lynch should be held to have obtained no greater interest by his purchase than any other purchaser

would have done, and in that view it is certainly equitable that he should credit on the debt the value of the property. It is not denied by the counsel for Lynch that this would be so, but for an agreement between the parties suggested by him that *the proceeds* only should be applied on the debt. This is not proved by the testimony. I think the case should be referred back for further proof as to the value of the property at the time of the sale, or afterwards, when used and disposed of by Lynch, and as to the existence of such an agreement, if the claimant desires to make such proof.

The deposition of proof of debt is very defective in not setting forth how and when the property was sold. This should be amended.

Order accordingly.