**UNION JOINT STOCK LAND BANK OF DETROIT, Plaintiff-Appellee v. BYERLY, Defendant-Appellant.**

Ohio Appeals, Second District, Madison County.

No. 130.  Decided March 4, 1938.

Ralph G. Martin, Columbus, and Martin P. Carey, Plain City, for plaintiff-appellee.

Elmer McClain, Lima, for defendant-appellant.

## OPINION

By BARNES, P. J.

This cause was submitted orally at the October Term, 1937, on a motion to postpone determination pending a decision of the United States District Court of Appeals on what was claimed to be a controlling question. Counsel for appellee vigorously resisted the motion, making the contention that the case pending in the United States District Court was not controlling. Under this situation we announced we would take the case both on the motion and the merits, thinking this plan would expedite the final determination. Leave was taken

to file briefs and thereafter the file was to be placed in our hands. The file did not reach us until about ten days ago.

Without further comment we shall overrule the application for postponement. Our reasons will be apparent on the determination of the issues on the merits.

The issuable questions have the appearance of being involved, but readily unfold themselves when we understand the nature of the action and the chronological order in which various steps were taken in the State and United States courts.

On October 19, 1933 plaintiff Stock Land Bank filed its petition against the defendant Byerly praying personal judgment on promissory note for $12,000.00 and interest and foreclosure of mortgage given to secure the note.

Summons was issued and the cause proceeded to judgment, order of sale, appraisement, advertisement and return of proof of publication on November 16, 1934, the sale to be held November 24, 1934.

On November 19, 1934 the defendant Byerly filed in the United States District Court at Columbus, Ohio, his farmer debtor petition under Section 75 of the Bankruptcy Act. On the same day the United States District Court issued an injunction against the sheriff of Madison County from proceeding with the sale. On November 23, 1934 the injunctive order of November 19 was modified so as to permit the sheriff to proceed with his sale on the day mentioned, but enjoining further proceedings, particularly confirmation of sale and transfer of any title or deed thereunder. On the day designated in the advertisement the sheriff offered the premises, and there being no bidders other than the Land Bank, the farm was struck off to them at their bid, which was two-thirds or more of the appraisement.

Other than the sheriff's return no further proceedings were taken in the State Court for almost one year thereafter. In December, 1934 the farmer debtor's petition was referred to a conciliation commission. Thereafter a creditors' meeting was held and the debtor's offer of composition was rejected. This fact was reported by the commissioner to the Federal Court on February 11, 1935. On the same day the petitioner by leave of court amended his petition under Section S and was adjudged a bankrupt. On May 27, 1935 the Supreme Court of the United States in the case of Louisville, etc., v Radford, 256 U. S. 170, held said Section S to be unconstitutional.

On August 26, 1935 the farmer debtor's petition in the U. S. District Court was dismissed as per the following entry:

"This day this matter came on to be heard upon the application of the debtor herein for an order dismissing this proceedings, and it appearing to the court that the debtor heretofore filed his petition under Section 75 of the Bankruptcy Act as amended, praying for composition or extension; that upon said petition reference was duly had to and a meeting of creditors was held before Silas G. Williams, conciliation commissioner for Madison County, Ohio, and that debtor's offer of compensation or extension was refused by a majority of creditors, both in number and amount, that the said commissioner has filed his return showing such refusal and that thereafter the debtor amended his petition herein and proceeding under sub-Section S of Section 75 of said Bankruptcy Act, and that the said section was found to be unconstitutional by the United States Supreme Court.

"It is therefore ordered that the debtor's petition and amended petition be and the same are hereby dismissed and that this matter be and the same is hereby fully terminated."

On August 28, 1935, through an action of Congress, there became effective a new sub-Section S of Section 75 of the Bankruptcy Act. On September 10, 1935, there was presented to the Common Pleas Court application for confirmation of sheriff's sale, accompanied by evidence of the dismissal of farmer debtor's petition in the United States District Court. The sale was confirmed and deed ordered as evidenced by journalized entry. The deed was filed for record in the Recorder's office, Madison County on September 11, 1935.

On September 23, 1935 counsel for the farmer debtor filed motion in the United States District Court for reinstatement of cause and on May 21, 1936 the motion was sustained. On September 24, 1935 the defendant Byerly filed motion in the Common Pleas Court of Madison County, Ohio, asking that the sale, confirmation, etc., be set aside. On May 8, 1936 the Land Bank filed in the United States District Court its motion praying disclaimer, which motion was sustained on October 14, 1936.

On November 4, 1936 the defendant Byerly's motion of September 24 was overruled. On November 14, 1936 a motion for new trial in State Court was overruled. The ground of defendant's motion to set aside the sale and confirmation of sale, etc., was predicated on alleged fraud. The Specifi-

cation of Fraud was based on the claim that the plaintiff Land Bank, through its representative and/or attorneys had induced the dismissal of the defendant's proceeding in the United States District Court under a promise that confirmation of sale in Common Pleas Court would not be requested, etc. The Common Pleas Court heard the evidence and found against the defendant on its claim of fraudulent conduct.

We have examined the record very carefully and have no difficulty in agreeing with the trial court's finding.

Counsel for defendant Byerly raises a further question that the United States District Court exceeded its authority in modifying the order of injunction whereby the sheriff of Madison County was permitted to hold his public auction sale and make his return of premises sold to the plaintiff. The claim is further made that injunction was not necessary for the reason that Section 75 (n and o) are self-executing and had the effect of staying all proceedings in the State court the instant the farmer debtor's petition was filed in the United States District Court. In support of this theory of law the following Federal cases are cited. In re Bradford, 7 Fed. 665; In re O'Brien, 9 Fed. 892. However strongly we might be inclined to follow this theory of the law, we are confronted with the fact that we have no jurisdiction to review judgments of the Federal District Court.

A further claim is made that the defendant's motion for reinstatement of his cause having been sustained, such order would vitiate the action of the Common Pleas Court in confirming the sale.

It is our judgment that the action of plaintiff in dismissing his cause in the Federal Court compels us to resolve all questions again him. The trial court so found and the opinion of the United States District Court attached to the brief leads to the same conclusion.

The judgment of the trial court will be affirmed and cause remanded for further proceedings according to law.

Costs will be adjudged against the appellant.

HORNBECK and GEIGER,, JJ., concur.